IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELORIS MARLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-562 |
| ) | |
| MICHAEL J. ASTRUE, ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Deloris Marlow's Motion for Judgment on the Administrative Record (Doc. No. 14) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Commissioner has filed his own Motion for Judgment on the Pleadings. (Doc. No. 20.) Both motions have been fully briefed and are ripe for consideration. The Court withdraws the previous reference to the Magistrate Judge and, for the reasons explained below, finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching her decision. Accordingly, Plaintiff's motion will be denied, the Commissioner's motion granted, the decision in the administrative action affirmed, and this matter dismissed.

**I.  INTRODUCTION**

Plaintiff was born October 4, 1953 and was fifty-one on the onset date of January 1, 2005. (Doc. No. 12, Certified Transcript of Administrative Record ("TR"), at 67)  Plaintiff filed for SSI and DIB on September 30. (TR 9.) Plaintiff's claim was denied initially by the Commissioner on February 2, 2006, and again upon reconsideration on May 11, 2006.  Plaintiff was granted a hearing before administrative law judge ("ALJ") Carmen Graves on March 7, 2008.  Gordon Doss, a vocational expert, also testified at the hearing.  In a decision dated April 22, 2008, the ALJ denied Plaintiff's application.  (TR 11-17.) Plaintiff thereafter filed a timely request for review by the Appeals Council, which was denied on April 30, 2009d.  (TR 4-6.)  The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II. THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on a review of the entire record, the ALJ determined that the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act, and made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b), 416.971 *et seq.* and 416.971 *et seq.*).

2. The claimant has osteoarthritis, obesity, and hypothyroidism, which are considered to be a "severe" combination of impairments, but not severe enough, either singly or in combination, to meet or medically equal the requirements set forth in the Listing of Impairments. Appendix I to Subpart P, Regulations No. 4.

3. After consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), lift and carry 20 pounds occasionally and 10 pounds frequently; stand two hours in an eight-hour workday (30 minutes uninterrupted); walk one hour in an eight-hour workday (one hour uninterrupted); sit six hours in an eight-hour workday (three hours uninterrupted); with occasional ability to perform all postural activities and an avoidance to heat, humidity climbing and heights.

4. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

5. The claimant is 54 years old, described as closely approaching advanced age (CFR 404.1563 and 416.963).

6. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

7. Transferability of job skills is not an issue in this decision. (20 CFR 404.1568 and 416.968).

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

9. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g).

(TR 13-17.)

## III. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §

405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based on the record taken as a whole. *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984). When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

  **B.**  **Evaluation of Entitlement to Social Security Benefits**

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled." 42 U.S.C. § 423(d)(1)(A). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy." 42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *See id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity ("RFC"). *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.     ANALYSIS AND DISCUSSION

Because of the relatively focused nature of the Plaintiff's arguments, a brief overview of her medical history, rather than an exhaustive account, will suffice. Additional facts will be considered in the context of addressing Plaintiff's specific arguments, below. In general, the ALJ found that Plaintiff suffers from osteoarthritis, obesity, and hypothyroidism. (TR 13.) In addition to the foregoing, Plaintiff points the Court to diagnoses of knee pain, back pain, and hypertension. (Doc. No. 15, Pl.'s Brief Supp. Mot. for Jgmt. on the Record (hereafter, "Pl.'s Brief"), at 3.) This case, however, concerns only whether or not, given the foregoing impairments, Plaintiff should have been considered "disabled" under the Act.

Specifically, Plaintiff now argues that the ALJ erred: (1) by finding that the claimant has the residual functional capacity to perform a limited range of light work; (2) by misconstruing the Physical Medical Source Statement completed by Dr. Shawnda Hollie; (3) by not satisfying step 5 of the sequential evaluation process; and (4) because the credibility of claimant's statements was not properly evaluated and assessed as required by SSR 96-7p. (Pl.'s Brief at 1.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922.

**A. Whether the ALJ Erred by Finding that the Claimant Has the Residual Functional Capacity to Perform a Limited Range of Light Work**

The use of the "grids" to support a finding of disability or nondisability is limited to fairly narrow circumstances:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled. However . . . [w]here any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled.

20 C.F.R. § 404, Subpart P, App. 2 § 200(a). Where "the exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work . . . [vocational expert] assistance is advisable. SSR 83-12.

The Sixth Circuit has expressly stated that the grids are "only a short cut that eliminate[s] the need for calling in vocational experts" and that assuming that the "grids determine disability or non-disability . . . is misleading if not actually erroneous." *Hurt v. Sec'y of Health & Human Servs.*, 816 F.2d 1141, 1142-43 (6th Cir. 1987). Moreover, the Sixth Circuit has consistently maintained that it is proper for an ALJ to "rely upon the framework of the grid rules and the testimony of a vocational expert in denying benefits" in Social Security cases. *Wright v. Massanari*, 321 F.3d 611, 615-16 (6th 2003); *see also Braden v. Sec. of Health & Human Servs.*, 1990 U.S. App. LEXIS 20124, No. 90-3028 (6th Cir. Nov. 14, 1990) (affirming the ALJ's decision where grids were used as a framework for decision-making and the ALJ relied on vocational expert testimony in finding that two occupations totaling 4,000 jobs in the regional economy provided a significant number of jobs).

A "VE is to advise the ALJ of jobs found among various categories of employment which the plaintiff can perform with her limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the VE's ability to tailor her finding to an 'individual's particular residual functional capacity.'" *Beinlich v. Comm'r of Soc. Sec.*, No. 08-4500, 2009 U.S. App. LEXIS 20213, at *10 (6th Cir. Sept. 9**,** 2009) (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)); *see also* SSR 00-4p, 2000 SSR LEXIS 8 (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings"). In fact, so long as a VE's testimony is predicated upon a proper hypothetical, an ALJ is entitled to rely on it to find that the jobs


**A. Whether the ALJ Erred by Finding that the Claimant Has the Residual Functional Capacity to Perform a Limited Range of Light Work**

The use of the "grids" to support a finding of disability or nondisability is limited to fairly narrow circumstances:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled. However . . . [w]here any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled.

20 C.F.R. § 404, Subpart P, App. 2 § 200(a). Where "the exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work . . . [vocational expert] assistance is advisable. SSR 83-12.

The Sixth Circuit has expressly stated that the grids are "only a short cut that eliminate[s] the need for calling in vocational experts" and that assuming that the "grids determine disability or non-disability . . . is misleading if not actually erroneous." *Hurt v. Sec'y of Health & Human Servs.*, 816 F.2d 1141, 1142-43 (6th Cir. 1987). Moreover, the Sixth Circuit has consistently maintained that it is proper for an ALJ to "rely upon the framework of the grid rules and the testimony of a vocational expert in denying benefits" in Social Security cases. *Wright v. Massanari*, 321 F.3d 611, 615-16 (6th 2003); *see also Braden v. Sec. of Health & Human Servs.*, 1990 U.S. App. LEXIS 20124, No. 90-3028 (6th Cir. Nov. 14, 1990) (affirming the ALJ's decision where grids were used as a framework for decision-making and the ALJ relied on vocational expert testimony in finding that two occupations totaling 4,000 jobs in the regional economy provided a significant number of jobs).

A "VE is to advise the ALJ of jobs found among various categories of employment which the plaintiff can perform with her limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the VE's ability to tailor her finding to an 'individual's particular residual functional capacity.'" *Beinlich v. Comm'r of Soc. Sec.*, No. 08-4500, 2009 U.S. App. LEXIS 20213, at *10 (6th Cir. Sept. 9**,** 2009) (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)); *see also* SSR 00-4p, 2000 SSR LEXIS 8 (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings"). In fact, so long as a VE's testimony is predicated upon a proper hypothetical, an ALJ is entitled to rely on it to find that the jobs

described by the VE are properly within the category of work corresponding to the claimant's RFC. *Wright*, 321 F.3d at 616; *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 778 (6th Cir. 1987).

Plaintiff correctly points out that the *full range* of light work as defined under the Grids allows, *inter alia*, "lifting no more than twenty pounds at a time, with frequently lifting or carrying of objects weighing up to ten pounds . . . [and] requires standing or walking, off and on, for a total of approximately six hours of an eight-hour day." (SSR 83-10 and 20 C.F.R. §§ 404.1567(b) and 416.967(b).) She then argues that, since the ALJ found that Plaintiff was only able to "stand for two hours in an eight hour workday (one hour uninterrupted)" and "walk one hour in an eight hour workday," she should have been assigned a sedentary residual functional capacity ("RFC") rather than one for light work. (Pl.'s Brief at 5-6) (emphasis added) (citing TR 13)). Plaintiff's assumption, however, has no basis in fact or law.

As set forth above, the ALJ clearly did not find that Plaintiff had the capacity to perform a *full* range of light work; rather, she concluded that the Plaintiff was only capable of performing a *limited* range of light work. (TR 13.) The ALJ did not find that the Plaintiff was limited to sedentary work, since a claimant limited to sedentary work would be limited to standing or walking for a combined total of only two hours in an eight-hour workday (20 C.F.R. §§ 404.1567(a), 416.967(a)), whereas Plaintiff was ascribed the ability to stand or walk for up to three hours, with two hours of standing and one walking. (TR 13.) Moreover, despite Plaintiff's disagreement with the ALJ's determination of her ability to lift and carry, discussed more fully in §§ B and E below, the ALJ's finding that Plaintiff was able to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, falls within the description of light work. 20 C.F.R. §§ 404.1567(b), 416.967(b). Sedentary work, on the other hand, would only allow for lifting no more than ten pounds at a time. 20 C.F.R. §§ 404.1567(a), 416.967(a).

It is clear that since the Plaintiff's RFC did not coincide with all corresponding criteria of either light or sedentary work, then the rules cannot be applied to direct a finding of disabled or not disabled in this case. In such a situation, the ALJ is allowed to use those definitions only as a suggestive "framework" for her decision-making along with the testimony of the VE. Where, as here, there are no infirmities in the hypothetical posed to the VE which were predicated upon the Plaintiff's RFC (TR at 209-17), an ALJ is entitled to rely on it to find that the jobs described by the VE are properly within the category of work corresponding to the claimant's RFC. *Wright*, 321 F.3d at 616. This Court hereby finds

that the ALJ's RFC of limited light work for the Plaintiff was based on substantial evidence. The ALJ's decision denying benefits will therefore not be disturbed on this basis.

### B. Whether the ALJ Erred by Misconstruing the Physical Medical Source Statement Completed by Dr. Shawnda Hollie

An ALJ generally is required give more weight to opinions from treating sources since "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). If not contradicted by substantial evidence, a treating physician's medical opinions are afforded complete deference. *Miksell v. Comm'r of Soc.* Sec. No. 388, 2008 U.S. Dist. LEXIS 12913, at *21 (S.D. Ohio, June 12, 2008) (citing *Harris*, 756 F.2d at 435)).

In the present case, Plaintiff argues that the ALJ misconstrued the Medical Source Statement (MSS) prepared by her treating physician, Dr. Hollie. Specifically, according to Plaintiff, the ALJ improperly inferred that Dr. Hollie placed no limitations on Plaintiff's ability to lift or carry from the fact that that section of the MSS completed by Dr. Hollie was left blank. (Pl.'s Brief at 7.) This Court agrees with the Plaintiff that no inference may be drawn from this omission, as the Court cannot presume to know the reason why the physician, possibly mistakenly, left this section blank. Instead, this Court finds that Plaintiff's treating physician only opined on Plaintiff's ability to sit, walk and stand, and it is only that opinion which must be accorded deference. (TR 130.) Since the ALJ wholly adopted Dr. Hollie's restrictions in this regard (TR 13), the remaining question is whether substantial evidence in the record supports the ALJ's further finding that Plaintiff had the RFC to lift and carry up to 10 pounds frequently and 20 pounds occasionally.

In addition to the MSS provided by Dr. Hollie, the record contains reports from Drs. Davis and Allison. Dr. Davis, a consultative examiner, found Plaintiff could lift and carry 10 pounds frequently and 20 pounds occasionally. (TR 111.) Dr. Allison, a state agency medical consultant, found Plaintiff could lift and carry 25 pounds frequently and 50 pounds occasionally. (TR 113.) The ALJ, giving Plaintiff the

benefit of the doubt[1] *as to these reports*, adopted the more restrictive limitations proffered by Dr. Davis, and Dr. Davis's report constitutes substantial evidence to support the ALJ's finding. The ALJ did not commit reversible error in her evaluation of Dr. Hollie's MSS or in her adoption of Dr. Davis's lifting restrictions.

### C. Whether the ALJ Erred By Not Satisfying Step Five of the Sequential Evaluation

The claimant has the burden of going forward with the evidence at the first four steps and, if she does so, the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering her age, education, past work experience and residual functional capacity. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). The Sixth Circuit does not require that the VE determine with any specificity the exact number of jobs available to the claimant, nor does it place any significance on the percentage of jobs identified by the VE in the local economy. *See Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1175 (6th Cir. 1990) (holding that common sense supported the Secretary's finding that a significant number of part-time jobs existed that the claimant could perform, even where the VE could not estimate the number of part-time jobs). The Sixth Circuit has found a sufficient number of jobs to have existed where only 500 were available in the local economy. *Born*, 923 F.2d at 275 (citing with approval *Jenkins v. Bowen*, 861 F.2d 1083 (8th Cir. 1988)).

Plaintiff argues that because the VE testified—in response to *Plaintiff's* hypothetical—that only one type of light work job would be available, that of parking lot attendant, and since only approximately 446 of these position existed in Tennessee, the ALJ failed to meet her burden at step five to show that alternative jobs in the economy are available to the claimant. (Pl.'s Brief at 8.) The Plaintiff's argument, however, has no basis in law or fact.

As an initial matter, the Plaintiff's argument fails because the ALJ was not required to rely on the VE's response to *Plaintiff's hypothetical*, which was based upon limitations and testimony from the Plaintiff that the ALJ did not find to be fully credible. Specifically, as discussed more fully in § D, below, the ALJ did not accept Plaintiff's testimony as to her inability to lift or carry as much as ten pounds. (TR 15.) Consequently, the ALJ was justified in relying on the VE's response to the ALJ's hypothetical, which reflected the ALJ's actual findings as to the Plaintiff's RFC. As set forth above, the ALJ found that Plaintiff

---
[1] The Court addresses the ALJ's weighing of Plaintiff's credibility in § D, below.

could lift or carry 10 pounds frequently and 20 pounds occasionally, and that finding was supported by substantial evidence in the record. *Cf. Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (an ALJ is not required to accept as true all of a claimant's subjective complaints, and in fashioning the hypothetical question posed to a VE, the ALJ is required to incorporate only those limitations that he accepts as credible). The VE testified in response to the hypothetical incorporating the less restrictive limitation that nearly 5000 light-work jobs that could accommodate the identified limitations were available in the local economy, and over 275,000 such jobs were available in the national economy. (TR 211-14.)

Moreover, even if the ALJ had accepted the limitations described in *Plaintiff's* hypothetical and thus had relied on the VE's response thereto, the ALJ would have still have met her burden under step five of showing that a significant number of jobs existed in the regional or national economy that the Plaintiff could perform. First, in addition to the 446 light work positions identified by the VE as available in the local economy, the VE also listed an example of a sedentary job that the Plaintiff could still perform, based on Plaintiff's own self-described limitations, with 1,698 jobs available locally, and more than 93,000 such jobs available nationally. (TR 214.) An individual capable of light work is also deemed to be capable of sedentary work, and the regulations make clear that an individual's RFC is the most an individual can do, not the least, despite her limitations. 20 C.F.R. §§ 404.1567(b) and 404.1545(a). With that understanding, based on her self-ascribed limitations, Plaintiff would not be limited to 446 local jobs at the light-work level as she claims, but, rather, would also have at least an additional 1,698 local jobs available at the sedentary level which she could perform. The Sixth Circuit has found an amount less than the combined number of 2,144 jobs to be "significant." *See Hall v. Bowen*, 837 F.2d, 274-75 (6th Cir. 1988) (finding 1,350 jobs significant).

Second, even if this Court were only to consider the one light-work job mentioned by the VE, in response to Plaintiff's hypothetical, as being available in the local economy, under Sixth Circuit jurisprudence, the 446 jobs identified by the VE as being available to a person with the limitations Plaintiff described, could still constitute a sufficient number of jobs under step five. The Sixth Circuit does not place significance on the presence of jobs in the *local* economy. *Born*, 923 F.2d at 1175.[2] The VE

---

[2] The pertinent Social Security regulations provide that "[i]t does not matter whether . . . [w]ork exists in the immediate area in which you live." 20 C.F.R. § 416.966(a)(1)(1997). Instead, as the Sixth Circuit has recognized, "[t]he [Social Security] Act, its legislative history and the regulations make it clear

indicated that there were over 42,000 jobs for that same light work position available in the national economy, more than sufficient to satisfy the Commissioner's burden at step five. (TR 211.)[3]

For all of the foregoing reasons, the ALJ met her burden at step five, and, as such, this Court cannot remand on that basis.

### D. Whether the ALJ Erred Because the Credibility of Claimant's Statements Was Not Properly Evaluated and Assessed as Required by SSR 96-7p

SSR 96-7p provides instruction on evaluating a claimant's credibility as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

In addition, 20 C.F.R. § 404.1529(c) describes the kinds of evidence that an ALJ is to consider, in addition to the objective medical evidence, when assessing the credibility of an individual's statements, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

As Plaintiff correctly indicates, SSR 96-7p states, in pertinent part, that the adjudicator may not "simply . . . recite the factors that are described in the regulations for evaluating symptoms" or make "conclusory" statements that "the [claimant's] allegations are not credible." (Pl.'s Brief at 9.) According to Plaintiff, the ALJ committed a reversible error in this case by failing to "specifically state whether she

---

that the test is whether work exists in the national economy, not in plaintiff's neighborhood." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). Nonetheless, jobs existing in the national economy do not include "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [plaintiff] live[s]." 20 C.F.R. § 404.1566(b), *quoted in Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

[3] Even the availability of 446 jobs could be considered sufficient, so long as the ALJ used common sense in arriving at that determination. *See Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999) (holding that 700 jobs in the local economy was sufficient and quoting with approval an unpublished opinion finding that 125 jobs in the local economy constituted a significant number). Plaintiff's *carte blanche* assertion that "446 available jobs can hardly be described as a significant number of jobs" (Pl.'s Brief at 8), has no basis in Sixth Circuit law.

found the claimant's testimony credible or not credible" and by failing to provide the specific weight given to Plaintiff's testimony "in violation of SSR 96-7p." (*Id.*)

Statements by a claimant must be considered *in relation to* the objective medical evidence, with attention given to any inconsistencies between a claimant's statements and the other evidence. 20 C.F.R. § 404.1529(c)(4). A claimant's credibility is a significant consideration. *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). However, an ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other. *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990). Thus, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997).

In the present case, Plaintiff's testimony that she was could only lift less than 10 pounds (TR 202) conflicts with substantial evidence on the record, namely that of the available medical source statements. As noted above, Plaintiff's own treating physician, for whatever reason, did not provide evidence regarding Plaintiff's lifting ability. Moreover, despite Plaintiff's allegations to the contrary, the ALJ did not simply make conclusory statements; rather, she fully explained the reasons for discounting Plaintiff's credibility. (TR 15-16.) Specifically, the ALJ noted that Plaintiff's heart condition and hypothyroidism were controlled with medication, and that her hypothyroidism had actually showed clinical improvement. (TR 15.) The ALJ also pointed out that x-rays revealed only mild spinal abnormalities (TR 15, 108), that other medical tests pertaining to her hear, spine, and knees reflected minimal abnormalities or even normal results (TR 15, 177-78), and that the medical record reflected very conservative treatment generally. As discussed more fully in § B above, the ALJ also considered the inconsistency between Plaintiff's self-ascribed lifting and carrying limitations and the findings of two state agency physicians, each of whom found Plaintiff able to lift and carry more than 10 pounds frequently. (TR 14-15.) The ALJ also noted a more-than-eight-month gap between the alleged onset of disabling symptoms and the first evidence of medical treatment on the record. (TR 15.)

In her written decision, consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ, clearly considering the entirety of the record, determined that Plaintiff's

complaints of pain and self-ascribed lifting and carrying limitations were inconsistent with the objective medical evidence and the conservative treatment record. (TR 13-17.) Plaintiff obviously disagrees with the ALJ's discounting of her credibility, but it is nonetheless evident that the ALJ stated sufficient reasons for her credibility determination with regard to Plaintiff's degree of pain and her residual functional capability, and that substantial evidence in the record supports the ALJ's determination. Accordingly, the Court declines to disturb the ALJ's credibility findings.

## V.  CONCLUSION

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching her conclusion, and that her decision is supported by substantial evidence in the record. An appropriate order denying Plaintiff's motion for judgment will be entered.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge